On the 23d of November, Mr. Talbott, counsel for Logan, presented a petition for a re-hearing of the cause, upon the following points:
1st. As Bernard M’Nitt never asserted his claim before the commissioners, nor attempted to assert his claim there, either in person or by agent, whatever potential claim he might have had as heir, was lost, derelict and waived; and the assertion of the claim by William M’Nitt, for himself, and at his own costs and charges, ought not to inure to the benefit or use of Bernard.
2d. If, by the act of 1779, Bernard M’Nitt acquired Power to ash the pre-emption of 1,000 acres of land, founded on the improvement made by Joseph in 1776, yet that power and authority was coupled with a condition never performed by Bernard; that is to say, that he should have proved his right to such pre-emption before the commissioners, pay the consideration money into the treasury, and take out the warrant from the land office, &c. within a limited time. The act of 1779 gave nothing but a right of election, to be exercised or not, at the discretion of the improver. Until he laid in his claim before the commissioners, and obtained their grant, he had no such estate or vested interest, as could be pursued into the hands of a purchaser from the commonwealth.
3d. As the certificate issued, not to Bernard M'Nitt, but to William M’Nitt; as this certificate was an adjudication of right in William, by the court of commissioners, whose powers and jurisdiction were ample, to adjudicate, as well on the identity and character of the applicant, as on his title and right to the land claimed, and as the decisions of the court of commissioners were ex *73 pressly declared to be final and conclusive; and, moreover, as the grant of the commonwealth was perfected by warrant, survey and patent issued in conformity to the adjudication of the commissioners, of right in William M’Nitt, Logan, who purchased this title, ought not to be characterised as a mala fide purchaser of the land. The mere report which was communicated to him, that Bernard M’Nitt was the heir at law, ought not to affect him. Bernard lived in Pennsylvania, at the distance of 500 miles from Logan, and from the land. Whether Bernard was, or was not the heir, depended upon a combination of facts and law. Logan might well doubt, whether the two informants were correct as to facts, and sound expositors of the law. Report of Bernard’s claim as heir, was all that Logan heard; to which report, the adjudication of the commissioners, a court of the highest verity, and of conclusive jurisdiction, might well be taken by Logan as a sure and certain contradiction.
4th. The depositions prove, that Joseph M’Nitt was, by contract, to make as many improvements for William as for himself; that many improvements were made by the company, and divided by lot, each of the company having fourteen improvements. According to the current of decision of the commissioners, if William M’Nitt had applied in his own right for a pre-emption, founded on the improvement made for him by Joseph, he would have been entitled to, and would have received a certificate. William did, at his own expence, apply to the commissioners, obtain a grant, pay the consideration to the commonwealth, and perfect the title. Bernard M’Nitt never did apply, either in person or by another, to the commissioners, within the time limited by law. William, and those claiming under him, have, by their own labor and exertions, obtained a vested right to a specific tract, and improved it. Now, it is conceived that it would be much more equitable and consonant to the principles of sound construction applicable to this certificate, to reject the expressions, “ as heir at law,” and consider the certificate as a grant to William in his own right, rather than to make it inure to the benefit of Bernard M’Nitt, who was in no way prejudiced by the application of William; for William only selected one of the seven improvements to which, by contract with Joseph M’Nitt, *74 he had a right, leaving thirteen others to Bernard, out of which he might have selected any one, in case he, Bernard, had thought proper to apply to the commissioners; leaving, also, to Bernard, the improvement which is stated by the witnesses as the peculiar object of the ancestor’s choice, and around which the ancestor declared he meant to appropriate the land to be granted by virtue of his improvement.
5th. Again, it is admitted by the court, in their decree, that Joseph had no such interest, in his lifetime, as to transmit, by descent, any claim to a specific tract, to Bernard, as heir. The legislative provisions of 1779, passed after the death of Joseph, gave no claim to any specific tract of land, to Bernard, as heir to Joseph. The right acquired by the act of 1779, was only a right to purchase, according to the terms and conditions of that act. Bernard never did comply with those terms; he never applied to the commissioners, as required by law; never obtained a certificate nor a warrant, nor paid the purchase money. This right of purchase, acquired by the act of 1779, was not the right to any particular tract. He, (Bernard,) might have taken any one of the fourteen improvements made by his ancestor. Bernard can only claim by descent or purchase. The ancestor, Joseph, had no interest in this particular tract, which could descend; because he died before any law recognized the claim, or granted any pre-emptive right for improving. Bernard cannot claim this tract by purchase; because he never complied with any one of the requisitions of the statute which gave him a pre-emptive right. It would seem to follow, that Bernard ought not to be permitted to pursue a specific tract of land into the hands of one who had purchased of the commonwealth, according to the terms held out to persons as inducements to purchase, and had paid the money required by law.
6th. The court have admitted the principle, that where a purchaser has paid his money and obtained the legal title without notice of his adversary’s claim, he has an equity in him, which the court will not divest; because there is no more reason that he should lose the money, than that the complainant should lose the land. But it is respectfully submitted, whether the court have not erred in withholding the benefit of this principle from Logan, who holds by purchase, and deriving the *75 legal title from Myers? The court consider Myers as the purchaser of a moiety only. Of whom was this 1,000 acres of land purchased? Of the commonwealth of Virginia. Who paid the consideration money? Myers, the assignee of the commissioners’ certificate of William M’Nitt’s right. Bernard M’Nitt never paid any part of the consideration money, or performed one single act required by law. The improvement made on the land by Joseph, conveyed no right to him. It gave to his heir, not a right to land, but a right to purchase land. The improvement made, gave only a preference or pre-emptive right among purchasers; but the payment of the stipulated sum into the treasury, was required, and this sum was to be advanced before the warrant could issue. This part of the condition never was performed by Bernard M’Nitt. The whole price was paid by Myers, who obtained the warrant, applied it as required by law, and obtained the grant in his own name, without notice of any claim by Bernard M’Nitt, previous to the procurement of the legal title. Myers, therefore, would have been protected as a purchaser for a valuable consideration without notice; and Logan, claiming under Myers, ought also to be protected. Myers held one moiety in his own right, the other moiety in trust for William M’Nitt, with whom he had contracted, and for no other person.
Bernard M’Nitt took neither by descent nor by purchase. William M’Nitt, through the agency of Jacob Myers, was a purchaser from the commonwealth, paying the same price which all persons paid, whether they claimed a pre-emption warrant or a common treasury warrant. For the same money, William M’Nitt could have purchased the same quantity of land from the commonwealth, to be located at his risk. He could, by a common treasury warrant, have located the same tract of land, at the time his pre-emption warrant was purchased of the commonwealth, without any possibility of being overreached by the claim of Bernard M’Nitt; because, before that time, the claim of Bernard to a pre-emptive right, had become waived, derelict and concluded by his failure to apply to the commissioners for a certificate.
It is respectfully urged, therefore, that the solemn adjudication of the commissioners in favor of William M’Nitt’s right of pre-emption, ought not to place him, *76 and those claiming under him, in a worse situation than if he had purchased a warrant from the commonwealth, and located the same land, as well he might, without such adjudication in his favor.
This petition for a re-hearing of the cause, was, on the 16th day of December, overruled by the court.
Note.—Judge Bibb, having been counsel for Logan in the inferior court, did not sit on the trial of this case.